# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS STATE BAR ASSOCIATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-390-GPM |
| | ) |
| LARRY J.W. SHELTON d/b/a Shelton's | ) |
| Realty and Legal Support Services, Inc., | ) |
| Shelton's Legal Support Services, and | ) |
| Nationwide Negotiators, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). Plaintiff Illinois State Bar Association ("ISBA") brings this action against Defendant Larry J.W. Shelton for engaging in the unauthorized practice of law, in violation of Illinois statutory and common law. *See* 705 ILCS 205/1; *King v. First Capital Fin. Servs. Corp.*, 828 N.E.2d 1155, 1162 (Ill. 2005) (it is the constitutional prerogative of the Supreme Court of Illinois to regulate the practice of law in Illinois, and legislative enactments punishing the unauthorized practice of law are merely in aid of the Supreme Court's authority). Additionally, ISBA alleges violations by Shelton of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and comes to this Court on removal pursuant to 28 U.S.C. § 1441. Shelton, the removing party, alleges that this

action is one "arising under" federal law within the meaning of the statutory grant of federal subject matter jurisdiction providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. According to Shelton this case is within so-called "federal question" jurisdiction because ISBA's action against him violates the First Amendment rights of Shelton and his clients, as well as the Fourteenth Amendment equal protection rights of Shelton's clients. Also, Shelton contends that the state laws invoked by ISBA in fact present federal questions, as the state laws supposedly were enacted pursuant to mandates contained in federal laws and regulations not specified by Shelton.

In general, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). Correspondingly, a defense that is based on federal law does not create federal question jurisdiction for purposes of removal to federal court: "[T]he defendant cannot cause a transfer to federal court simply by asserting a federal question in his responsive pleading." *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995). *See also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002) (a counterclaim arising under federal law does not create federal question jurisdiction); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 153 (1908) ("A suggestion of one party, that the other will or may set up a claim under the Constitution or laws of the United States, does not make the suit one arising under

that Constitution or those laws."); *Blackburn v. Sundstrand Corp.*, 115 F.3d 493, 495 (7th Cir. 1997) ("[I]t has been understood for a very long time that a federal defense to a claim arising under state law does not create federal jurisdiction and therefore does not authorize removal."); *Lister v. Stark*, 890 F.2d 941, 943 n.1 (7th Cir. 1989) (noting that "a case must be remanded to state court if the sole basis for federal jurisdiction is a . . . defense" based on federal law). Accordingly, subject matter jurisdiction pursuant to 28 U.S.C. § 1331 does not exist in this case by virtue of Shelton's claim that ISBA is violating his federal rights.[1]

With respect to Shelton's claim that this case arises under federal law because the state law invoked by ISBA is the product of federal mandates, this assertion is frivolous. Also, even if there were any truth to this claim, it would not create federal jurisdiction, inasmuch as the laws that Shelton is charged with violating are, indisputably, state laws. *See, e.g., Austin v. Ameriquest Mortgage Co.*, 510 F. Supp. 2d 1218, 1226-27 (N.D. Ga. 2007) (finding that a claim brought pursuant to a state anti-racketeering statute did not arise under federal law, although the predicate acts of racketeering alleged in the complaint also could have been asserted as predicate racketeering acts in a suit under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*.). The Court is aware of only one means by which a state cause of action can be transmogrified into a claim for relief under federal law, the doctrine of complete preemption. Complete preemption occurs when "the preemptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for

---

1. To the extent Shelton is attempting to assert the constitutional rights of his clients, this violates elementary rules of standing in federal court. *See Elk Grove Unif. Sch. Dist. v. Newdow*, 542 U .S. 1, 12 (2004) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)) (noting "the general prohibition on a litigant's raising another person's legal rights").

purposes of the well-pleaded complaint rule.'" *Nelson v. Stewart*, 422 F.3d 463, 466-67 (7th Cir. 2005) (quoting *Caterpillar*, 482 U.S. at 393). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*. at 467. "In such situations, the federal statute . . . not only preempts state law but also authorizes removal of actions that sought relief only under state law." *Id*. (brackets omitted). The Supreme Court of the United States has found complete preemption as to only four federal laws: the Labor Management Relations Act of 1947 (also known as the Taft-Hartley Act), 29 U.S.C. § 141 *et seq*., *see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 559-60 (1968); a treaty concerning Native American tribal land, *see Oneida Indian Nation of N.Y. v. Oneida County, N.Y.*, 414 U.S. 661, 681-82 (1974); the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*., *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987); and the National Bank Act, 12 U.S.C. § 21 *et seq*. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8-11 (2003). None of the aforementioned federal laws are implicated in this case. The Court concludes that this case does not arise under federal law for purposes of removal.

To conclude the Court finds that this case was improperly removed. Accordingly, pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: May 23, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge